## 66639. KETCHUM v. THE STATE.

BANKE, Judge.

In October 1980 the defendant was declared an habitual violator by the Department of Public Safety under the provisions of former Code Ann. § 68B-308 (a) (Ga. L. 1975, pp. 1008, 1032, as amended through Ga. L. 1980, pp. 691, 693) (currently OCGA § 40-5-58). In this appeal from his conviction for operating a motor vehicle while his license was still revoked pursuant to that action, his sole contention is that his sentence of five years confinement, predicated upon OCGA § 40-5-58 (c), is excessive because his previous declaration as an habitual offender was not pursuant to that statute but to former Code Ann. § 68B-308 (a).

OCGA § 40-5-58 (c) (Code Ann. § 68B-308) provides: "Except as provided in subsection (e) of this Code section, it shall be unlawful for any person to operate any motor vehicle in this state after such person has received notice that his driver's license has been revoked as provided in subsection (b) of this Code section, if such person has not thereafter obtained a valid driver's license. Any person declared to be an habitual violator and whose driver's license has been revoked *under this Code section* and who is thereafter convicted of operating a motor vehicle while his license is so revoked shall be punished by a fine of not less than $750.00 or by imprisonment in the penitentiary for not less than one nor more than five years, or both." (Emphasis supplied.)

The defendant contends that when the Official Code of Georgia Annotated became effective on November 1, 1982 (see OCGA § 1-1-9 (Code Ann. § 102-209)), the previous habitual violator statute was repealed and that his license revocation was therefore not a revocation under OCGA § 40-5-58 (c) (Code Ann. § 68B-308). Based on this reasoning, the defendant contends that he may only be punished for driving while his license was revoked as provided for in OCGA § 40-5-121 (Code Ann. § 68B-402), which authorizes a maximum sentence of six months. *Held:*

"The cardinal rule to guide the construction of Laws is, first, to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose." *Ford Motor Co. v. Abercrombie,* 207 Ga. 464, 467 (62 SE2d 209) (1950). The Legislature's intent concerning the enactment of the 1981 Code is set forth in § 1-1-2 (Code Ann. § 102-202), as follows: "The enactment of this Code is intended as a recodification, revision, modernization, and reenactment of the general laws of the State of Georgia which are currently of force and is intended, where possible, to resolve conflicts which exist in the law

and to repeal those laws which are obsolete as a result of the passage of time or other causes, which have been declared unconstitutional or invalid, or which have been superseded by the enactment of later laws. Except as otherwise specifically provided by particular provisions of this Code, the enactment of this Code by the General Assembly is not intended to alter the substantive law in existence on the effective date of this Code."

A comparison of former Code Ann. § 68B-308 with OCGA § 40-5-58 clearly reveals that the latter is nothing more than a reenactment of the former. We hold that the revocation of the defendant's license was effected "under this Code section" within the meaning of § 40-5-58 (c) (Code Ann. § 68B-308).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1983.

*Michael C. Hall*, for appellant.

*Hobart M. Hind, District Attorney, Britt R. Priddy, Assistant District Attorney*, for appellee.